UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| MICHAEL FOSTER, | ) | CASE NO. 1:08 CV 1319 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| CAROLYN B. FRIEDLAND, | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

Pro se plaintiff Michael Foster filed this action under 42 U.S.C. § 1983 against Cuyahoga County Common Pleas Court Judge Carolyn B. Friedland. In the complaint, plaintiff alleges that Judge Friedland failed to protect him from inmate assaults while he was in the Cuyahoga County Jail awaiting trial. He seeks compensatory damages in the amount of $2,000,000.00, punitive damages in the amount of $1,000,000, and an order disbarring Judge Friendland from the practice of law and removing her from the bench.

## BACKGROUND

Mr. Foster is an inmate at the Marion Correctional Institution. He claims he saved the lives of prison guards during the 1993 riots in the Southern Ohio Correctional Institution, and is now in long-term protective custody to keep him safe from reprisals from other inmates. He was transferred to the Cuyahoga County Jail in 2002 to await trial on new charges. He states that upon

his arrival, he was placed in the jail's protective custody unit; however, general population inmates have access to the protective custody inmates. He contends that at a pretrial conference in October 2002, he informed Judge Friedland of his plight. He claims she replied that she would order the sheriff to place him in protective custody "whatever that might be in the Cuyahoga County Jail." (Compl. at 3.) He asserts that this statement demonstrates that Judge Friedland knew or should have known that he was not safe at the jail.

Mr. Foster made several attempts to alert the court to his situation. He filed a pro se motion asking the court to transfer him back to the Marion Correctional Institution pending trial. The Motion informed Judge Friedland of the threats he was receiving. He even appeared in court with his arm in a sling after an assault. Still, his motion was denied. Finally, On November 13, 2002, Mr. Foster appeared in court and told the court that he had suffered multiple assaults, and was in fear of his life. He informed the court that he would plead guilty to all the charges as long as it meant that he could be moved out of the jail. The judge accepted his guilty plea. Mr. Foster claims that Judge Friedland was deliberately indifferent to his right to due process and his right to be free from cruel and unusual punishment.

## ANALYSIS

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v.

---

[1] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is (continued...)

Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to §1915(e).

As an initial matter, Mr. Foster's Eighth Amendment claim against Judge Friedland is time-barred. Ohio's two year statute of limitations for bodily injury applies to §1983 claims. LRL Properties v. Portage Metro Housing Authority, 55 F. 3d 1097 (6th Cir. 1995). The actions alleged in the complaint took place in 2002, well beyond the expiration of the two-year statute of limitations period. There would be no purpose in allowing this claim to go forward in view of the fact that it is clearly time-barred. See Fraley v. Ohio Gallia County, No. 97-3564, 1998 WL 789385, at *1 (6th Cir., Oct. 30, 1998)(affirming sua sponte dismissal of pro se §1983 action filed after two year statute of limitations for bringing such an action had expired).

Mr. Foster asserts that he could not have filed this action until his criminal conviction was overturned by a grant of a conditional writ of habeas corpus on November 8, 2007. While this may be true of his claim for the denial of due process in his criminal trial, it is not applicable to his claims under the Eighth Amendment. A prisoner may not raise claims under 42 U.S.C. § 1983 if a judgment on the merits of those claims would affect the validity of his conviction or sentence, unless the conviction or sentence has been set aside. See Edwards v. Balisok, 520 U.S. 641, 646 (1997); Heck v. Humphrey, 512 U.S. 477, 486 (1994). A judgment on the merits of his due process claim would, and did, affect the validity of his conviction. A judgment for damages

---

(...continued)
invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

against Judge Friedland for not taking a more active role to prevent his assault by other inmates would not call into question the validity of his conviction.  Because the actions supporting the Eighth Amendment claim occurred in 2002, it is time-barred.

Moreover, Mr. Foster he cannot proceed with his due process or Eighth Amendment claims for damages against the judge.  Judicial officers are absolutely immune from civil suits for money damages.  Mireles v. Waco, 502 U.S. 9, 9 (1991); Barnes v. Winchell, 105 F.3d 1111, 1115 (6th Cir. 1997).  This far-reaching protection is needed to ensure that the independent and impartial exercise of judgment is not impaired by the exposure of potential damages.  Barnes, 105 F.3d at 1115.  For this reason, absolute immunity is overcome only in two situations: (1) when the conduct alleged is not performed in the judge's judicial capacity; or (2) when the conduct alleged, although judicial in nature, is taken in complete absence of all jurisdiction.  Mireles, 502 U.S. at 11-12; Barnes, 105 F.3d at 1116.  Plaintiff alleges no facts to show that either of these criteria has been met in this case.

The determination of whether an action is performed in the defendants' judicial capacity, depends on the "nature" and "function" of the act, not on the act itself.  Mireles, 502 U.S. at  13; Stump v. Sparkman, 435 U.S. 349, 362 (1978).  Looking first to the "nature" of the act, the court must determine whether it is a function generally performed by a judge.  Stump, 435 U.S. at 362.  This inquiry does not involve a rigid scrutiny of the particular act in question, but rather requires only an overall examination of the judge's alleged conduct in relation to general functions normally performed by judges.  Mireles, 502 U.S. at  13.  Second, an examination of the "function" of the act alleged requires the court to assess whether the parties dealt with the judge in his or her judicial capacity.

Upon applying these principles, it is evident on the face of the pleading that Judge Friedland was acting in her judicial capacity at all times that the conduct alleged in plaintiff's complaint occurred. The issuance of judicial orders pertaining to pretrial detention are actions normally performed by common pleas court judges. Furthermore, plaintiff dealt with the judge only in her judicial capacity. Plaintiff cannot overcome the broad application of judicial immunity under this criteria.

Judicial immunity can also be defeated when the conduct alleged, although judicial in nature, is taken in complete absence of <u>all</u> jurisdiction. <u>Mireles</u>, 502 U.S. at 11-12; <u>Barnes</u>, 105 F.3d at 1116 (emphasis added). When the immunity of the judge is at issue, the scope of the judge's jurisdiction is to be broadly construed. <u>Stump</u>, 435 U.S. at 356-57. A judge will be not deprived of immunity because the action she took was performed in error, done maliciously, or was in excess of her authority. <u>Id.</u> Actions taken in complete absence of all jurisdiction are those acts which are clearly outside of the subject matter jurisdiction of the court over which the judge presides. <u>King v. Love</u>, 766 F.2d 962, 965 (6th Cir. 1985); see <u>Barnes</u>, 105 F.3d at 1122. Conversely, merely acting in excess of authority does not preclude immunity. See <u>Sevier v. Turner</u>, 742 F.2d 262, 271 (6th Cir. 1984).

In the present case, there are no allegations set forth in the complaint which reasonably suggest that Judge Friedland acted outside of the subject matter jurisdiction of the common pleas court. The judges of the Cuyahoga County Court of Common Pleas have jurisdiction to hear all matters concerning the criminal trial, including issue of pretrial detention. While Judge Friedland may or may not have exceeded her authority by accepting plaintiff's guilty plea under the circumstances, she was acting within the parameters of the subject matter jurisdiction

of the court of common pleas. Judge Friedland therefore is entitled to absolute immunity from monetary damages in this matter.

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.


Dated: October 8, 2008                            *s/         James S. Gwin*
                                                  JAMES S. GWIN
                                                  UNITED STATES DISTRICT JUDGE

---

[2]   28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.